UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00043-MOC

| | |
|---|---|
| **KEVA BATES** ) | |
| ) | |
| ) | ORDER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **NANCY BERRYHILL,** ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on the parties' opposing Motions for Summary Judgment (#7 and #9). The matter is ripe for review. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I. Administrative History**

Plaintiff applied for disability and disability insurance benefits and filed an application for Title XVI supplemental security income in November 2013, alleging that she became disabled on November 1, 2013. (Tr. 17). Her claim was denied at the initial and reconsideration levels of review. (Tr. 17). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before John L. McFadyen, an ALJ, on November 13, 2015, at which plaintiff had an attorney

-1-

representative present. (Tr. 17, 31). In a December 11, 2015 written decision, the ALJ denied the plaintiff's claim. (Tr. 17-30). Plaintiff requested review of the ALJ's decision. (Tr. 13). The request for review was denied by the Appeals Council on December 20, 2016 (Tr. 1), rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981. Plaintiff has exhausted her available administrative remedies and the case is now ripe for judicial review under Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g).

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial

evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV.  Substantial Evidence

### A.  Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was supported by substantial evidence.

### B.  Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity since November 1, 2013, which was the claimant's alleged onset date. (Tr. 19). At step two, the ALJ found that the plaintiff had the following severe impairment: common

variable immune deficiency. (Tr. 20). At step three, the ALJ determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 20).

The ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform the full range of light work. (Tr. 20).

At step four, the ALJ found that plaintiff Bates could not perform her past relevant work. (Tr. 24). At step five, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that the plaintiff could perform, given her age, education, work experience, and RFC. (Tr. 24). Accordingly, the ALJ determined that the plaintiff had not been under a disability within the meaning of the Social Security Act, 20 C.F.R. 404.1520(g), from the alleged onset date through the date of the decision. (Tr. 25).

**D. Discussion**

The court has closely read plaintiff's Memorandum of Law (#8) supporting her Motion for Summary Judgment. Plaintiff has made the following assignment of error, that the ALJ erred by failing to evaluate Listing 14.07A. (#8) at 3. Plaintiff's assignment of error will be discussed below.

Plaintiff asserts the ALJ erred by failing to evaluate Listing 14.07A. (#8) at 3. The plaintiff argues that Listing 14.07A is implicated in this case and was not mentioned by the ALJ. (#8) at 3. Plaintiff relies on Fourth Circuit precedent, which noted that an ALJ's insufficient, perfunctory analysis of the Listings "makes it impossible for a reviewing court

to evaluate whether substantial evidence supports the ALJ's findings." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013).

Listing 14.07A requires that a claimant have an immune deficiency disorder with an infection that is either resistant to treatment or required hospitalization or intravenous treatment three or more times in one twelve month period. Here, the ALJ noted that the plaintiff had a severe impairment, which was an immune deficiency disorder. See (Tr. 20).

In answering whether the claimant met Listing 14.07, the ALJ did not specifically mention a particular Listing. See (Tr. 20). Even so, the ALJ did address both acute infections and antibody infusions that are part of the Listing 14.07A analysis. For example, the ALJ points to a bilateral pneumonia and common variable immunodeficiency diagnosis in 2008. (Tr. 21, citing Exhibit 1F). Further, the ALJ noted that the plaintiff "receive[d] antibody infusions with good results" and "required antibody replacement therapy and she was tolerating it fairly well." (Tr. 22).

Plaintiff asserts that the ALJ erred by not comparing the facts of the case to the criterial of Listing 14.07A. (#8) at 7. Even while the ALJ did not mention Listing 14.07A by name, the ALJ provided analysis directly on point. The ALJ assessed whether the claimant suffered from an immune deficiency disorder, evaluated reports of infections the plaintiff experienced, and analyzed report evidence of allergy shots and antibody infusions the plaintiff received. See (Tr. 21-22).

The ALJ did not err simply by failing to mention Listing 14.07A. The ALJ adequately analyzed the record evidence. The ALJ made findings with regard to the Listings, the

antibody infusions, and the plaintiff's immune disorder and subsequent infections. See (Tr. 20-24). Meaningful review is not frustrated here. The ALJ has adequately shown her work as to how he reviewed the record and based her findings upon evidentiary support.

**V.     Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) plaintiff's Motion for Summary Judgment (#7) is **DENIED;**

(3) the Commissioner's Motion for Summary Judgment (#9) is **GRANTED;** and

(4) this action is **DISMISSED.**

Signed: August 25, 2017

Max O. Cogburn Jr.
United States District Judge